## The People of the State of Illinois ex rel. Sam D. Price, Appellee, v. C. A. Askins, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Shelby county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 13, 1915.

### Statement of the Case.

Action of mandamus by the People of the State of Illinois *ex rel.* Sam D. Price, petitioner, against C. A. Askins, respondent, to compel respondent to turn over the books, funds, etc., held by him as school treasurer. From a judgment against respondent, an appeal was taken.

Respondent was school treasurer of Township 10, Range 3 East of the third principal meridian in Shelby county, Illinois. It appeared from the record that the trustees of said school district met on April 11, 1914, for the purpose of electing a president and treasurer. At this time respondent was holding the office of treasurer, having been appointed thereto by the old board. The record of the meeting was as follows: "State of Illinois, Shelby County, ss. April 11, 1914.

"Trustees of Schools of Township Ten (10), Range Three (3) met at No. 6 School, District No. 47, directly after the election of trustee, and proceeded to organize by electing H. M. Archey, president of the Board of Trustees. '

"S. A. D. Howe nominated C. A. Askins for treasurer of the board for the ensuing term.

"J. F. Banning nominated Sam D. Price.

"H. M. Archey decided the nomination by favoring Sam D. Price for treasurer for the coming term."

The record of this meeting was written up by respondent as clerk of said board. The relator, Sam D. Price, was not at the meeting of the board, but, upon being notified subsequently of his election as

treasurer, executed a bond in proper form, which was approved by each member of the board, and delivered it to the County Superintendent of Schools, who indorsed thereon: "Received, approved and filed in my office May 4, 1914. Lee W. Frazer, County Superintendent." Thereafter the relator made a written demand upon respondent to turn over to him the school funds, books and properties as treasurer of said school district. This respondent refused to do.

The principal contentions of respondent were: First, that the record of the meeting did not show that the relator was elected treasurer; second, that the record of the meeting not having been signed by the president and clerk of the board of trustees, it was not authenticated and should not have been received in evidence; and third, that there was no proper approval of the bond of the relator by the County Superintendent of Schools.

GEORGE B. RHOADS, for appellant.

WHITAKER, WARD & PUGH, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1301*—*when presumed that court heard only competent evidence.* It must be presumed on appeal from a judgment after a trial by a court without a jury that the court considered only competent evidence.

2. APPEAL AND ERROR, § 1414*—*when finding of court not disturbed as unsupported by evidence.* The finding of a trial court will not be disturbed on appeal as unsupported by the evidence where there is sufficient competent evidence in the record to sustain the judgment of the court.

3. OFFICERS, § 35*—*when former school treasurer estopped to claim irregularity in form of record of a meeting.* A former school

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The People v. Askins, 200 Ill. App. 621.

treasurer, respondent in mandamus proceedings to compel him to turn over the books, funds, etc., of the office, is estopped to complain that the record did not show that relator was elected treasurer in such action, where he, respondent, wrote up the record of the meeting of the board of directors at which relator was elected school treasurer.

4. OFFICERS, § 35*—*when former school treasurer estopped to claim defects in minutes of meeting.* A former school treasurer, respondent in mandamus proceedings to compel him to turn over the books, funds, etc., of the office, is estopped to claim, in such action, that the minutes of the meeting of the board of directors at which relator was elected school treasurer did not constitute a proper record because not signed by the president and clerk as required by law, where he himself acted as clerk and failed to fulfil his duty by signing the minutes.

5. SCHOOLS AND SCHOOL DISTRICTS, § 41*—*what power school trustees have to remove township treasurer.* School trustees have the power to appoint a township treasurer for the term of two years, and to remove him for sufficient cause, and this power of removal requires no formal charge, no notice to the incumbent, no form of procedure, and is not subject to review.

6. SCHOOLS AND SCHOOL DISTRICTS, § 61*—*when bond of school treasurer properly approved.* A bond of an appointed school treasurer which was approved by the board of trustees in due form and approved by the county superintendent by indorsing thereon the words: "Received, approved and filed in my office May 4, 1914. Lee W. Frazer, County Superintendent," *held* properly approved by the county superintendent.

7. SCHOOLS AND SCHOOL DISTRICTS—*when duty of county superintendent to give certificate to appointed school treasurer.* Where a bond of an appointed school treasurer is in proper form, and is duly approved and accepted by the board of directors and county superintendent, it is the duty of the latter to give the treasurer a written certificate that he is such officer, and the fact that such certificate is not given cannot defeat his right to such office.

8. SCHOOLS AND SCHOOL DISTRICTS—*when appointed school treasurer entitled to funds.* An appointed school treasurer, relator in an action of mandamus to compel a former treasurer to turn over the books, funds, etc., of the office, has the prima facie right to the office and is entitled to the funds, etc., where his bond has been duly approved by the board of directors and by the county superintendent, although he has not received a certificate from the school superintendent.

9. MANDAMUS, § 49*—*how title to office may not be tried.* The title to an office cannot be tried in an action of mandamus.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.